U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 8 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DE'MARCUS DAIJON THOMPSON, §
§
Petitioner, §
§
v. § No. 4:14-CV-219-A
§
WILLIAM STEPHENS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, De'Marcus Daijon Thompson, a

state prisoner incarcerated in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ),

against William Stephens, Director of (TDCJ), respondent. After

having considered the pleadings, state court records, and relief

sought by petitioner, the court has concluded that the petition

should be dismissed as time-barred.

### I. Factual and Procedural History

On August 18, 2010, pursuant to a plea bargain agreement,

petitioner pleaded guilty to six counts of engaging in organized

criminal activity, aggravated robbery with a deadly weapon, and

one count of unlawful possession of a firearm in the 432nd
District Court of Tarrant County, Texas, and was sentenced to
thirty years' confinement on each count of engaging in organized
criminal activity and ten year's confinement on the unlawful-
possession-of-a-firearm count, the sentences to run concurrently.
*See* the TDCJ website, "Offender Information Details," at
http://offender.tdcj.state.tx. us.   Petitioner did not directly
appeal the convictions or sentences.  Pet. 3, ECF No. 1.   On
August 21, 2013,[1] petitioner filed seven state postconviction
habeas applications, one for each conviction, which were denied
by the Texas Court of Criminal Appeals on October 16, 2013, on
the findings of the trial court.  Cover, *Ex parte Thompson*, Nos.
WR-80,306-01 thru WR-80,306-07.

   This federal petition was filed on March 24, 2014,[2] in which
petitioner claims that (1) the Double Jeopardy Clause prohibits a

---

[1]Petitioner's state habeas applications are deemed filed
when placed in the prison mailing system.  *Richards v. Thaler*,
710 F.3d 573, 578-79 (5th Cir. 2013).  The applications do not
however reflect the date petitioner placed the documents in the
prison mailing system.  Allowing all leeway to petitioner, the
date the applications were signed by petitioner is considered the
date it was placed in the prison mailing system and, thus, filed
for purposes of this opinion.

[2]Petitioner's federal habeas petition is also deemed filed
when it was placed in the prison mailing system for mailing.
*Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

person from being subject to two trials for the same offense and (2) under Rule 12 of the Federal Criminal Code and Rules there was a jurisdictional defect. Pet. 6 & Pet'r's Mem. 1-12, ECF No. 1. The gist of petitioner's first claim appears to be that he was twice convicted and punished for "the same firearm" when he was found guilty of both unlawful possession of a firearm and aggravated robbery with a deadly weapon. Pet'r's Mem. 3, ECF No. 1. As to the latter, petitioner appears to claim that because the six indictments alleging the offense of engaging in organized crime failed to allege an element of the offense and/or because there was no evidence to support a finding that he engaged in organized criminal activity, there was a jurisdictional defect in the indictments. Pet'r's Mem.  Respondent has filed a preliminary response addressing only the issue of limitations, wherein he contends the petition is time-barred. Resp't's Preliminary Resp. 4-8, ECF No. 8.

## II.  Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

3

The limitations period shall run from the latest of-

      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had

for filing a timely notice of appeal on September 17, 2010, and

closed one year later on Monday, September 19, 2011, absent any

applicable tolling.[3]  *See* Tex. R. App. P. 26.2; *Flanagan v.*

*Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Under the statutory tolling provision, petitioner's state

habeas applications filed after limitations had already expired

did not operate to toll the limitations period.  28 U.S.C. §

2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has petitioner alleged or demonstrated rare and exceptional

circumstances that would justify tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional

circumstances when an extraordinary factor beyond the

petitioner's control prevents him from filing in a timely manner.

*See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v.*

*Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).  Petitioner did not

reply to respondent's preliminary response or otherwise assert a

reason for his late filing, and there is no evidence whatsoever

in the record that he was prevented in some extraordinary way

from asserting his rights in state or federal court.

Petitioner's lengthy delay in seeking postconviction habeas

-------------------------------------------------------------

[3]September 17, 2011, was a Saturday.

relief also mitigates against equitable tolling.  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner asserts in his petition that the one-year statute of limitations does not bar his petition because, "I'm "actual[ly] innocence [sic] because I'm placed under double jeopardy."  Pet. 9, ECF No. 1.  First, the court notes that the state courts rejected both of Petitioner's claims and that the state courts' adjudication of the claims comports with relevant Supreme Court law.  Findings of Fact and Conclusions of Law 35-38, 41, *Ex parte Thompson*, No. WR-80,306-01.  Second, although actual innocence, if proved, can overcome the statute of limitations, petitioner waived his claims by entering voluntary and knowing guilty pleas to the offenses as alleged in the indictments.  *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013).  *See also United States v. Vanchaik-Molinar,* 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."); *Milner v. Johnson,* 210 F.3d 368, 2000 WL 293963 at *1 (5th Cir. 2000) ("A

guilty plea waives a double jeopardy claim unless either the knowing and voluntary nature of the plea is challenged or the double jeopardy violation is discernible on the face of the indictment or record.").

Petitioner's federal petition was due on or before September 19, 2011, therefore his petition filed on March 24, 2014, is untimely.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional right.

SIGNED August ___9___, 2014.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

7